# Bennett v. Roles.

"Served the within writ of summons Nov. 14, 1902, upon the within named defendant, C. W. Roles, by personally producing the original writ to and informing him of the contents thereof" is not a legal service of a summons, and the Justice would have no jurisdiction of the parties.

Where the docket of the Justice states that "plaintiff files claim for $25 damage, for breach of warranty in selling an unsound horse for one warranted sound," it not appearing that the claim, even if correctly stated, was not barred by the statute of limitations, the judgment will be reversed.

SERVICE OF SUMMONS—JURISDICTION—STATUTE OF LIMITATIONS—WARRANTY.

No. 479, December Term, 1902, C. P. of Bradford Co.
Certiorari to C. H. Stone, J. P.
John C. Ingham, Esq., for Defendant in error.

Bennett v. Roles.

Opinion by FANNING, P. J., February 11, 1903.

The Justice's transcript was, in part, as follows: "Summons issued Nov. 14, 1902, to the Const of Rome Boro returnable Wednesday, the 19th of Nov. 1902, between the hours of 12 & 1 o'clock p. m. Sub. for Deft. 8 names. Nov. 18, 1902, sums. returned on oath of Const. L. S. Clark, served Nov. 14, 1902, on Deft. C. W. Roles by personally producing the original writ to, & informing him of the contents thereof.

Nov. 19, 1902, Plff appears. Deft not present. Plff files claim for $25.00 damage for breach of warranty in selling an unsound horse for one warranted sound.

After investigation and the swearing of four witnesses judgment was publicly for Plff. for $25.00 and costs $11.92."

On the back of the summons was endorsed the following: "Served the within writ of summons Nov. 14, 1902, upon the within named defendant, C. W. Roles, by personally producing the original writ to and informing him of the contents thereof. So answers L. S. Clark, Constable.

Sworn to before me this 18 day of Nov. 1902.

C. H. Stone, J. P."

## DEFENDANT'S EXCEPTIONS.

1. The record does not show a legal service of the summons upon the defendant.

2. The record does not show that the Justice had jurisdiction of the parties in the said case.

3. The record does not show that the Justice had jurisdiction of the plaintiff's claim.

4. The record does not show any privity of contract between the plaintiff and defendant; does not show by whom the alleged warranty was made; or what the alleged warranty was; or that it was made within six years last past; or what the alleged breach of warranty consisted of or that it was within six years last past.

## OPINION:

There was not a legal service of the summons in this case;

the Justice did not have jurisdiction of the parties and it does not appear that the claim, even if correctly stated, was not barred by the statute of limitations. And now, Feb'y 11, 1903, exceptions sustained and judgment reversed.

Reported by Jas. R. Leahy, Esq.,

Towanda, Pa.